ENRIQUE RAMÍREZ-PROSPERI, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 730.   Submitted July 23, 1928.—Decided November 9, 1928.

*Juan J. Toro* for the appellant.   The registrar appeared by brief.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

Miguel Perdomo Vélez, an emancipated minor, accompanied by his father, Domingo Perdomo Ramos, executed before notary Juan Juan Toro on May 25, 1928, a deed in which he declared that he was the owner of a rural property of two and a half acres (describing it) in the ward of Sabana Grande Abajo of the municipal district of San Germán. As regards his title he stated that that property was the remainder of a larger property which was allotted to him in the distribution of the hereditary estate of Miguel Perdomo

Pagán. By that deed a voluntary mortgage was created on the property by Perdomo Vélez in favor of Enrique Ramírez Prosperi for a certain sum of money.

The registrar of property of San Germán refused to record a copy of the deed because it did not appear from the registry that any record or marginal note had been made of any segregations; because the deed contained no description of the property of which the mortgaged property was said to be the remainder, and because the instrument sought to be recorded was not accompanied by a copy of the act of emancipation of the mortgagor, but only by a certificate from the Civil Registry to the effect that a record had been made of the emancipation of Perdomo Vélez, which was not considered sufficient by the registrar because he understood that he should examine the act of emancipation. That decision has been appealed from by Enrique Ramírez Prosperi and he and the registrar have filed briefs.

The registrar is right in regard to the fact that failure to describe the property of which the mortgaged property may be the remainder constitutes a defect. But he is mistaken in considering it as incurable, for it is evident that the execution of an explanatory deed giving a description of the principal property and specifying the segregations made from it cures the defect or fault. The defect here is not one of those included in paragraphs 3 and 4 of section 65 of the Mortgage Law because it does not produce *necessarily the nullity of the obligation* if considered in the light of article 110 of the Regulations for the Execution of the Mortgage Law, which reads as follows:

"In order to distinguish curable defects from those which are not, and to enter or not a cautionary notice by virtue thereof, according to the provisions of articles 65 and 66 of the law, the registrar shall consider the validity of the obligation the subject of the instrument. If such obligation should be void on account of its nature, conditions, the capacity of the parties thereto or a similar cause independent of its intrinsic form, the defect shall be considered incurable. If the obligation should be valid, in view of the said circum-

stances, and the defect should be merely in the external form of the document containing it, which can be amended or rewritten at the will of the persons interested in the record, the defect shall be considered curable.''

The nullity of the obligation is the touchstone for testing the defect.

As to not exhibiting a copy of the act of emancipation, we understand that it is indispensable in order that the registrar may judge of the capacity of the emancipated grantor. The certificate from the Civil Registry may be proof of the status of the grantor, but not of his capacity to contract with respect to real property.

Whether or not the defect is incurable is something more difficult to determine. It can not be said offhand and in the light of the law cited that the contract contained in the document sought to be recorded is void; nor can it be said that it is valid. It might be that the act of emancipation was perfect and so were its consequences, in which case the deed involved here would be recordable. And it might occur that the act of emancipation would not show capacity in the emancipated minor to make the contract asked to be recorded.

Even under the Mortgage Law before it was amended cases frequently arose of defects which could or could not be cured according to certain circumstances. And after the amendments by the Act of March 1, 1902, sections 2180 and 2190 of the Revised Statutes of 1911, it is much more risky to determine that question. A curable defect permits the record with a note stating that the defect exists. An incurable defect carries with it denial of record and the entry of a cautionary notice. A consequence of these legal provisions is that a contract with an incurable defect may be recorded with a note stating that there is a curable defect.

The most liberal qualification is better adapted to the amendments to the law; and in that sense this defect should be considered as curable.

694

The decision of the registrar is reversed and the record is ordered, the defects noted by the registrar being held curable.